EDWIN LEIBFREED, Appellant, v. GEORGE KLEINE, Respondent.

First Department, June 3, 1927

Contracts — action on contract between producer and distributor of motion pictures — agreement recited that plaintiff should be entitled to salary of $500 per month for services as treasurer of corporation producing film — agreement provided for deduction of said salary as operating expense — present action is on theory of personal agreement by defendant to pay salary — no evidence of gross receipts from which advance made by defendant could be repaid — plaintiff has not sustained personal obligation on part of defendant.

This is an action by the plaintiff as treasurer of a moving picture producing corporation to recover from the defendant, a distributor, the salary of the plaintiff as treasurer. The action is based on an alleged contract between the producer and the distributor whereby the distributor advanced $49,000 to the producer under an agreement to retain seventy-five per cent of the gross receipts until the advance was repaid. The agreement recited that the gross receipts were to be so divided that the plaintiff should receive a salary of $500 per month, to be charged as an operating expense and deducted from the gross receipts before distribution. The complaint alleges an absolute personal agreement by defendant to pay the plaintiff the salary. Plaintiff cannot recover, for no personal agreement was shown, and, furthermore, it was not shown that there were gross receipts from which the salary might have been paid.

APPEAL by the plaintiff, Edwin Leibfreed, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 25th day of May, 1926, upon the verdict of a jury rendered by direction of the court pursuant to a stipulation that the case be tried before the court without a jury and that the verdict be directed with the same force and effect as though a jury were present.

*Alfred R. Page* of counsel [*Harry Edwards*, attorney], for the appellant.

*Henry Melville*, for the respondent.

PROSKAUER, J. Plaintiff was treasurer of the Helen Keller Film Corporation which was the producer of a motion picture called " Deliverance." It entered into an agreement with the defendant (described therein as the distributor), by which the defendant secured the right to market and distribute the picture. The distributor advanced to the corporation $49,000 and the agreement provided that he was to retain seventy-five per cent of the gross collections and pay the producer the remaining twenty-five per cent until the $49,000 was repaid. This arrangement was not, however, to affect the final accounting between the parties, which was to be on the basis of thirty-five per cent of the gross receipts

to the distributor and sixty-five per cent to the producer. It was recited in the agreement that subject to the said provisions as to reimbursement of the $49,000, the gross receipts were to be so divided and that for three years from the date of the agreement the plaintiff should be entitled to receive a salary of $500 per month for his services as treasurer of the corporation, " which sum shall be charged as an operating expense of the picture and shall be deducted from the gross receipts before their distribution." The complaint alleges an absolute personal agreement by the defendant to pay to the plaintiff this salary for the said term of three years. It is not predicated upon the theory that the plaintiff's salary was a charge upon the gross receipts. On the trial no evidence was adduced to show that there had been gross receipts, and to the exclusion of such evidence no exception was taken by the plaintiff. From the judgment based upon the dismissal of the complaint by the trial justice the plaintiff appeals.

The agreement cannot be construed to place upon the defendant a personal obligation to pay the plaintiff's salary as treasurer of the corporation irrespective of the existence or amount of receipts. The complaint and the theory of the trial limit plaintiff to this claim. We do not determine what his rights under the agreement may be in some other form of action.

The judgment should be affirmed, with costs.

Dowling, P. J., Merrell, Finch and McAvoy, JJ., concur.

Judgment affirmed, with costs.